UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| FRANK L. LLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:16-CV-218 WL |
| | ) | |
| SHERIFF FRIES, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Frank L. Lloyd, a pro se prisoner, filed an amended complaint alleging that he contracted Hepatitis C while he was housed in the Allen County Jail as a pre-trial detainee because Sheriff Fries implemented a policy and procedure which required inmates to share hair clippers without a way to sterilize them between uses. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

"In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "[I]n the absence of an expressed intent to punish, a pretrial detainee

can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. __, __; 135 S.Ct. 2466, 2473 (2015) (*quoting Bell*). Pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), a sheriff in his official capacity can be held liable for monetary damages. *See Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 305 (7th Cir. 2010). Giving Lloyd the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, this complaint states a claim and Frank L. Lloyd will be granted leave to proceed against Sheriff Fries in his official capacity

For these reasons, the court:

(1) **GRANTS** Frank L. Lloyd leave to proceed against Sheriff Fries in his official capacity for compensatory and punitive damages for implementing a policy and procedure in violation of the Fourteenth Amendment which required inmates to share hair clippers without a way to sterilize them between uses which resulted in Frank L. Lloyd contracting Hepatitis C;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Sheriff Fries with a copy of this order and the amended complaint (ECF 13) as required by 28 U.S.C. § 1915(d); and

(4) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), Sheriff Fries to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: April 11, 2017      s/William C. Lee
                             William C. Lee, Judge
                             United States District Court